SUSPENSION OF FORMAL PLEADING RULES ASKED
"APPROPRIATE RELIEF" ASKED

U.S. DISTRICT COURT



RECEIVED
JUL 11 2016
John T. Copenhaver, Jr.
United States District Judge

FILED
JUL 11 2016
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

In Re:

DERRICK GREATHOUSE
P.O. BOX 10
LISBON, OH 44432, Individually & For The Res

v.

U.S. ATTORNEY Individually
DBA U.S. ATTORNEYS Office for SDWV   &
ASST. U.S. ATTY Monica Coleman
Address: OFFICE OF THE U.S. ATTORNEY
300 Virginia St, East
Charleston, WV 25301
, Jointly & Severally

CHARLESTON DEA SAC/ASAC PERSONALLY,
DBA CHARLESTON DEA OFFICE
2 Monogomist St., Ste 202
Charleston, WV  25302

Civil Action No. 2:16-cv-6205

42 USC 1988, PRIVACY ACT / SELLERS, AND
ETHICS IN GOV'T ACT NOTICE OF CLAIM & COMPLAINT
FOR RETURN OR COMPENSATION ON PERSONAL PROPERTY LOST,
STOLEN, OR DESTROYED.

[IN PERSONAM DIVERSITY ACTION FOR DAMAGES]

U.S. DISTRICT COURT PERSONALLY:

May it please the Court. Comes now in good faith and honor  DERRICK GREATHOUSE ,
pro se as fiduciary regarding property lost, stolen, or destroyed due to be returned
by the accused but still detained to date in violation of the accusers constitutional,
statutory, and ethics protected rights, priveleges, and expectations.

The law and custom require the property returned where any possible prosecutions
are over, it is no longer evidence and is not contraband, and where the owner asks
for its return. See FRCRimP 41 for example. See state bar standards.

1-1

Complainant duly contacted the accused seeking return of his property and asking correction of records by such return per Privacy Act as the only way to still have the property is imcomplete, inaccurate, or false records.

You Complainant, as owner of such property, has exhausted remedy by submitting to the Court and accused the claim for return and seeking to reopen the previous file number the property was taken in connection with to provide for the return. 30 days lapsed with no results.

Under Privacy Act such is exhaustion. Under state insurance laws the apparent failure to report the claim to their insurance carrier is illegal. There is a moral and legal durty invoked by ethics contracts on file with Human Resources to abide state and federal law and NOT injure people.

The property in question is identified as:

<u>About $14,500.00 US CURRENCY CONVERTED BY DEA IN MISUSE OF LEGAL PROCESS CONVERSION MANNER WHEREBY THEY NEVER GAVE PROPER NOTICE PROCESS TO GREATHOUSE AND THEN INTENDED TO RELY LATER ON AN IMPLIED WAIVER IN PLEA AGREEMENTS WHICH PRESUPPOSED A PROPER FORFEITURE AND DUE PROCESS BASED ALLEGATION THAT US CURRENCY WAS RELATED TO DRUGS OR THE PROCEEDS FROM OR TO BE PROVIDED IN EXCHANGE FOR DRUGS.</u>
(See Attached Schedule).

These authorities have prudential, statutory, and/or Article III duty to resolve this per the Acts codified at 42 USC 1988, 5 USC 552a(et. seq.), and in the ethics in Gov't Act. Color of state law is hown by operation of the property/res and 28 2007 et. seq., FRCP 64/69, and Insurance Regulatory Laws applicable in the county where the accused and this authority resides for execution of their offices. Each accused acted individually and under color of law. <u>28 USC 1332(a)(1) & 1367.</u>

Currently the parties reside is different areas of the **COUNTRY** and the accuseds records involved are located int he county where the Court sits. A part of the laws applicable and invoked indicate that the amount in controversy is irrelevant. Yet state that if it is foiund that he accused knowingly and willfully maintained inaccurate record after request to correct without good cause at least $1,000.00 Amercement or penalty is due the Complainant. Over $75K is involved exclusive of fees, costs, and Etc. as the U.S. and Agency Liability limits are asked (at least 50%-75%).

1-2

The property in question is lost, stolen, or destoyed it is believed, if not its return has been unduly delayed. Either way your Complainant claims concurrence of loss and injury by these facts, and the other side has "decided".

The process described to keep property is not followed. The process described to return the property is not followed. Your Complainant wants the property valued at $14,500.00 and does not waive his interests, rights, or ownership. Proper process to divest was not followed.

9th and 14th Amendments U.S. Const. Rights are trampled along with state protection common law jural rights.

Your complainant complains that the holding of his property constitutes an additional divestiture, amercement, penalty, and is not authorized anywhere Complainant can find. He complains that annual revenue targets, pressures to generate fiscal earnings by seizure retention, coupled with lack of sufficient internal controls and accounting by the accused allows his agents, servants, and workmen to commit acts such as described here and overload of the system renders the workload to properly process and safeguard rights apparently impossible. See Proof of Exhaustion Annexed.

The accused is an individual for purposes of 42 USC 1983. Also, the accused is an "agency" per the 5 USC 301-302 indicators where (a) Having personal information records under MGMT. naming Complainant, and (b) Bending a Quasi-municipal organizatiion of municipal organization or agent of such in nature with insurance for: (1) Misconduct, (2) Errors and Omissions, (3) Personal injury to others, and (4) Other general liability arising out of employment related matters.

The accused is an officer or employee subscribing to ethics is Gov't Act based employment agreements at least bi-annually which spells out legal and moral obligations attached to the job and oversight (principal/corp. ultimate agent) roles.

Moreover, these persons subscribe to local bar standards.

On information and belief the accused have a seperate and distinguishable clearly defined legal and moral professional duty to return property immediately under the current circumstances. Over billing is agaisnt the FDCPA and FCRA.

Not having access to or use of the property or its value reduced the personalty and person of Complainant and reduced the estates value related that will be his posteritys legacy.

The law requires and assures your Complainant justice and right, freely without sale, completely without denial, and speedily without sale, by the course of the law of the land.

Wherefore, predicated on all herein, your Complainant asks "Appropriate Relief" including, but not limited to, if appropriate:

(A) Free proceedings as an offense is mandatorily reported if there is Truth herein;

(B) Relaxed pleading rules;

(C) Expediting & free counsel per 28 USC 1915(d) for ADR/Hearings;

(D) Delivery of notice by "show cause order" or summons and these accusations on the accused and their insurer whoever they may be;

(E) Preliminary order to the accused to reveal their policy number, carrier for insurance, coverages, self insurance limits, claim delivery address out of the policy applicable, the exact name and address of the insured out of the policy, and claim notice terms;

(F) Find ethics requirements violated;

(G) Find Privacy Act / Sellers Principles violated;

(H) Find insurance regulatory claim reporting requirements violated;

(I) ~~Find that the property should have been returned and inquire into whether it all still exists if other than currency;~~

(J) ~~Order the return of the property immediately or its monetary equivalent claimed by claimant of~~ $=75% of Policy Limit FN;

(K) Grant a penalty against the accused of $ 30K  FN & not less than $1,000.00 per day for each pay the property item was not returned past the earliest day it could have been returned to Complainant or from loss, theft, or destruction date;

(L) Grant fees, costs, and expenses and all else found appropriate under the totality of the circumstances to promote future respect for the laws offended by the conduct, errors, omissions, misconduct, etc. of the accused. Affidavit/Proof Follows.

All set forth herein is declared True, Correct, and Complete per state/county laws regarding perjury and per 28 USC 1746. If called to repeat it the undersigned would. Prompt non-binding ADR is agreeable. Respectfully Presented,

*Derrick Greathouse* [L.S.]

<u>DERRICK GREATHOUSE</u> , one entitled to relief.

FN: Forward any funds made payable as follow:

<u>50</u> % to Complainant by check made payable to " <u>DERRICK GREATHOUSE</u> " and

<u>50</u> % (The remainder) fforwarded by certified funds mailed by accountable means to The Unassociated 33 Phoenix Foundation. Make your check payable to: "The Unassociated 33 Phoenix Foundation OR T.L." and mail to: The Unassociated 33 Phoenix Foundation
P.O. Box 252
Arnold, MD 21012

AFFIDAVIT OF CONCURRING HARM & INJURY

I, DERRICK GREATHOUSE do hereby on this _June 29_, 2016 state and affirm that all herein and in the foregoing is true, correct, and complete under the laws of the County and State of   WV   for perjury as well as under 28 USC 1746 and records laws at 18 USC 1001, 287, and 31 USC 3729:

1) I am over the age 18;

2) I am personal first-hand witness to all stated;

3) The rights at issue are mine;

4) If called to recite the facts I would do so;

5) Any copies as exhibits annexed hereto are true and correct copies from my files and records on the matters;

6) Where information and belief are indicated as sources of reliance the source of reference is one which is not reasonably subject to disregard or challenge in this forum and locale by any involved;

7) I am aggrieved by the actions and inactions of the accused parties;

8) All stated is the truth of the matters and I have never seen any proof or evidence otherwise and do not believe any such proof or evidence exists at all.

SS: _Derrick Greathouse_   [L.S.]
DERRICK GREATHOUSE
PO BOX 10
LISBON, OH  44432

Exhibit

Case 2:13-cr-00278 Document 89 Filed 06/16/16 Page 1 of 2 PageID #: 317

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                        CRIMINAL ACTION NO. 2:13-00278

DERRICK GREATHOUSE

O R D E R

On May 11, 2016, the court received the defendant's pro se motion entitled, "SUPPLEMENTAL MOTION TO COMPEL ADMISSIONS, INTERROGATORIES & PRODUCTION OF DOCUMENTS," which is hereby ORDERED filed.

By order entered on April 29, 2016, the court ruled on the subject matter of this motion in response to the defendant's motions entitled as follows:

> TIMELY MOTION PER FRCRIMP 41(g)/28 USC
> 2072(b) FOR REVIEW & APPROPRIATE RELIEF FROM
> RECORDS INACCURACY-BASED PROPERTY
> DIVESTITURE CONSTITUTING UNAUTHORIZED
> AMERCEMENT &/OR PENALTY [See FRCrimP
> 45(b)(1)(B) & 5 USC 522a Et. Seq]

> GREATHOUSE MOTION TO STRIKE AND ASKING
> DENIAL OF THE GOVERNMENTS SUGGESTIONS OF
> FAILURE TO STATE A CLAIM AND LACK OF
> JURISDICTION OR FOR SUMMARY JUDGMENT DUE TO
> RECORD ERROR & DUE PROCESS VIOLATIONS

MOTION TO COMPEL ANSWERS TO INTERROGATORIES
& PRODUCTION OF DOCUMENTS

MOTION TO COMPEL

The first motion was filed on December 7, 2015, and the remaining three were filed by order on April 29, 2016.

In its order, the court concluded that the defendant's contentions were without merit inasmuch as (1) the $14,970 at issue was properly forfeited pursuant to the Drug Enforcement Agency's administrative forfeiture process, (2) the defendant received proper notice, (3) the currency was not being maintained by the United States as evidence, and (4) the defendant agreed in the Stipulation of Facts appended to his plea agreement that the $14,970 represented drug proceeds. The court accordingly denied the defendant's motions.

For the same reasons, it is ORDERED that the defendant's May 11, 2016, "Supplemental Motion" be, and it hereby is, denied.

The Clerk is directed to forward copies of this order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: June 16, 2016

John T. Copenhaver, Jr.
United States District Judge