## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**DERRICK GREATHOUSE,**

      **Plaintiff,**

**v.**                                                    **Case No. 2:16-cv-06205**

**U.S. ATTORNEY *et al.*,**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the plaintiff's Derrick Greathouse's (hereinafter "Greathouse") "Complaint for 42 USC 1983, Privacy Act/Sellers, and Ethics in Government Act Notice of Claim & Complaint for Return or Compensation on Personal Property Lost, Stolen or Destroyed [In Personam Diversity Action for Damages] (ECF No. 1) and his Application to Proceed Without Prepayment of Fees and Costs (ECF No. 4).

### STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(a) and (b).  A similar screening requirement applies to cases in which the plaintiff seeks to proceed without prepayment of fees and costs (also known as *in forma pauperis*), as Osborne does here.  *See* 28 U.S.C. § 1915(e)(2)(B).

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, the court may not re-write the pleading to develop the plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

\* \* \*

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.  This standard applies equally to the initial screening conducted under 28 U.S.C. §§ 1915A and 1915(e)(2)(B), where no Motion to Dismiss has been filed.

## DISCUSSION

Greathouse's convoluted Complaint seeks the return of $14,970 (referred to in the Complaint as "about $14,500") in United States currency that was seized from him during his criminal prosecution in this court on controlled substance offenses.  The Complaint contends that this money was not contraband, and that it has been lost, stolen, destroyed, or its return has been unreasonably delayed by the defendants after the conclusion of his criminal proceedings.  The Complaint further suggests that the currency was taken absent proper notice and due process in violation of state or federal forfeiture laws.

However, Greathouse also previously filed a separate motion for return of property under Rule 41(g) of the Federal Rules of Criminal Procedure, which was docketed in his criminal case, No. 2:13-cr-00278, as ECF No. 76.  On April 29, 2016, the Honorable John T. Copenhaver, Jr., the presiding District Judge herein, entered an Order denying the motion for return of property.  In pertinent part, the Order states:

> In his motion, the defendant contends that the property, which he describes as "property valued at or in the amount of $15,000.00," was not properly subjected to forfeiture proceedings and, since he did not receive "proper actual notice" of the forfeiture proceeding, that the property should be returned to him forthwith.  The government states in its response that the $14,970 at issue was properly forfeited through the Drug Enforcement Administration's administrative forfeiture process, which included

3

notifying the defendant of the forfeiture via certified mail and providing the defendant with an opportunity to file a claim on the money, which he did not, all of which is supported by the exhibits attached to the response and the defendant's stipulation in his plea agreement that the $14,970 represents drug proceeds.

Inasmuch as the $14,970 was properly forfeited pursuant to the Drug Enforcement Administration's administrative forfeiture process, including notice to the defendant which provided him the opportunity to file a claim, and is not being maintained by the United States as evidence in the case, and inasmuch further as the defendant, during the course of his plea hearing, stated that he was in agreement with the Stipulation of Facts appended to his plea agreement which states that the $14,970 represented drug proceeds, it is ORDERED that the defendant's motions be, and they hereby are, denied.

Order, *United States v. Greathouse*, No. 2:13-cr-00278, ECF No. 85 (S.D. W. Va. Apr. 29, 2016). Greathouse's motion for reconsideration of that decision, filed on July 11, 2016, was also denied. (*Id.*, ECF No. 93 (S.D. W. Va. July 13, 2016). Greathouse did not appeal Judge Copenhaver's Orders. Thus, they are final orders.

Based upon Judge Copenhaver's Orders, the plaintiff's claim for return or compensation for the subject currency is barred by the doctrine of res judicata, also known as claim preclusion. Claim preclusion prevents the re-litigation of a claim that has already been, or could have been, made in a prior matter. "The application of res judicata turns on the existence of three factors: '(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits.'" *Clodfelter v. Rep. of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) (quoting *Pueschel v. United States*, 369 F.3d 345, 354−55 (4th Cir. 2004)). The factors are given broad application with an aim to "eliminate vexation and expense to the parties, wasted use of judicial machinery and the possibility of inconsistent results." *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 77 (4th Cir. 1967).

The Fourth Circuit has made clear that, in order to avoid vexatious litigation and to conserve judicial resources, "[t]he preclusive effect of a prior judgment extends beyond claims or defenses actually presented in previous litigation" and also "'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Peugeot Motors of Am., Inc. v. E. Auto Distributors, Inc.,* 892 F.2d 355, 359 (4th Cir. 1989) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (4th Cir. 1979)); *see also Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991).

While res judicata is an affirmative defense that typically must be raised by an opposing party, a court may *sua sponte* raise issues of preclusion in "special circumstances." *Arizona v. California*, 530 U.S. 392, 412 (2000) (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting) (internal quotation marks omitted)).

> "This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *Id.*; s*ee also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (determining res judicata may be raised and considered *sua sponte* because it implicates important institutional interests of the judiciary); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (finding that district court did not err by raising the issue of collateral estoppel on its own because of the "strong public policy in economizing the use of judicial resources of avoiding relitigation").

> Such "special circumstances" exist where "a court is on notice that it has previously decided the issue presented." *Arizona*, 530 U.S. at 412; *see also Saudi v. V. Ship Switz. S.A.,* 93 Fed. Appx. 516, 520–21 (4th Cir. 2004) ("[G]iven the indisputable privity of the parties and the identity of the issues between the instant case and the case upon which the res judicata holding rested, we believe that *sua sponte* invocation of the bar was permissible."). Similarly, the court may invoke res judicata on its own where "all relevant data and legal records are before the court and the demands of comity, continuity in the law, and essential justice mandate judicial invocation of

the principles of res judicata." *Carbonell v. La. Dep't of Health and Human Res.*, 772 F.2d 185, 189 (5th Cir. 1985).

*Mollohan v. Warner*, No. 2:13-cv-32251, 2017 WL 1217204, at \*4–5 (S.D. W. Va. Mar. 31, 2017).

The undersigned proposes that the presiding District Judge **FIND** that his prior Orders denying Greathouse's motion for return of property bars the instant Complaint as res judicata. "[A] Rule 41(g) motion initiates a new civil equitable proceeding." *United States v. White*, 582 F.3d 787, 806 n.3 (7th Cir. 2009)*; United States v. Parsons*, 472 F. Supp.2d 1169, 1173 (N.D. Iowa 2007). The Court's denial of the Rule 41(g) motion constituted a final judgment on the merits which has a preclusive effect on any subsequent claims by Greathouse seeking return or compensation for the same property from the defendants, who are in privity with the United States of America. *See Lewandowski v. Property Clerk*, 209 F. Supp.2d 19, 22-23 (D.D.C. 2002) (finding that there is privity between a government and its officers and that res judicata precluded civil rights action grounded in request for return of seized property).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Greathouse's Complaint fails to state a claim upon which relief can be granted. Thus, it is hereby **ORDERED** that the Complaint (ECF No. 1) be **DISMISSED** from the docket of the court and that Greathouse's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 4) be **DENIED AS MOOT**.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure,

the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

April 19, 2019

Dwane L. Tinsley
United States Magistrate Judge